Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Universal Dyeing & Printing, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Eleganzarella, Inc., a California corporation; and Does 1-10,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Universal Dyeing & Printing, Inc., through counsel, hereby prays to this honorable Court for relief based on the following:

## **JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. Plaintiff Universal Dyeing & Printing, Inc. is a California corporation.

5. Upon information and belief, Defendant Eleganzarella, Inc. is a California corporation with its principal place of business located at 807 East 12th Street, Suite 120, Los Angeles, CA 90021.

6. Upon information and belief, Defendants Does 1-10 (collectively, "DOE Defendants") (altogether with Eleganzarella, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN UA13710

8. Plaintiff owns an original two-dimensional artwork that is used for textile printing, entitled UA13710, and registered with the U.S. Copyright Office under Reg. No. VA 1-821-757 (the "Subject Design").

9. Plaintiff widely disseminated the Subject Design to numerous parties in the fashion and apparel industries.

///

10. Following Plaintiff's display, distribution, and publication of the Subject Design, Defendants, and each of them, created, manufactured, distributed, offered for sale, sold, displayed, reproduced, and/or otherwise used fabric and/or garments featuring a design that is strikingly and/or substantially similar to the Subject Design without a license, authorization, or consent from Plaintiff (collectively, the "Accused Products"). Representative examples of the Subject Design and Accused Products are below:



11. Universal discovered the Accused Products in late 2021, and had no reason to know of them prior to that time.

12. In late 2021, Universal sent correspondence to Eleganzarella in an attempt to resolve this dispute without litigation. Eleganzarella did not respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each**)

13. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

14. Upon information and belief, Defendants, and each of them, had access to the Subject Design, including through (a) Plaintiff's showroom and/or design library; (b) illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills); (c) Plaintiff's strike-offs and samples; and/or (d) garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

15. Upon information and belief, one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendants supplied garments, including the Accused Products, to said Defendant retailers; and that said Defendant retailers used the Accused Products as alleged above.

16. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of the Subject Design in an amount to be established at trial.

18. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive

knowledge, or in reckless disregard, of Plaintiff's copyrights in the Subject Design, such that said acts of copyright infringement were, and continue to be, willful.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from importing, manufacturing, distributing, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design, including the Accused Products;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Design; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 17, 2023

DONIGER/BURROUGHS

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Trevor W. Barrett, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*